IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMAI MENDOZA,<br><br>Plaintiff,<br><br>vs.<br><br>VANCOUVER HOUSING AUTHORITY and ROY JOHNSON, Executive Director, in his official capacity only,<br><br>Defendant. | No.<br><br>COMPLAINT FOR DENIAL OF ADMISSION TO FEDERALLY ASSISTED HOUSING WITHOUT DUE PROCESS OF LAW<br>-- 42 U.S.C. § 1983 |

**Part 1: Factual Overview & Summary of Claim**

1.1. Plaintiff Samai Mendoza is a low-income woman who lives in Vancouver, Wash.

1.2. Defendant Vancouver Housing Authority (or "VHA") is a public housing agency that operates certain housing programs in Vancouver that receive federal funding under the U.S. Housing Act of 1937.  See 42 U.S.C. § 1437 et seq.

1.3. Until she was about 15 years old, Ms. Mendoza resided with her mother, Iris Rodriguez, in properties subsidized through Vancouver Housing Authority.

COMPLAINT - 1

Northwest Justice Project
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 624-7501

1.4. Ms. Mendoza had a baby at age 15. After having the baby, she continued to live in her mother's residence, but also often lived with the baby's father, Eduardo Ornelas, at a different rental property.

1.5. Because Ms. Mendoza commonly resided in both places, her presence was reported and approved both by VHA and by Eduardo Ornelas's landlord. Ms. Mendoza cooperated in obtaining these approvals and recalls signing documents for this purpose with both housing providers.

1.6. Ms. Mendoza (and her child) continued to live alternately with her mother and with Mr. Ornelas from 2009 until February 2013, when she obtained her own apartment and moved there permanently.

1.7. Ms. Mendoza, now 21 years old, later applied for federally-assisted housing of her own through Vancouver Housing Authority. The program to which Ms. Mendoza applied was a VHA-owned and managed property, that would be subsidized by a federally-funded, project-based Section 8 housing voucher. See 24 C.F.R. Part 983 (regarding project-based vouchers).

1.8. VHA reviewed Ms. Mendoza's application and denied her admission on or about March 26, 2015. The sole reason VHA gave for the denial was that Ms. Mendoza had allegedly:

> "lived at a Vancouver Housing Authority property and fraudulently signed documents and remained, as a household member while simultaneously being on a lease and living elsewhere."

1.9. The written notice of denial that VHA provided Ms. Mendoza stated that she could "request a conference to present information about why [she] should not be denied." Ms. Mendoza requested such a hearing, and VHA scheduled the hearing for April 24, 2015.

1.10. Before the hearing, Ms. Mendoza contacted VHA and asked to see the evidence against her, which she needed to properly understand and respond to the allegations. However,

COMPLAINT - 2

Northwest Justice Project
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 624-7501

1   VHA agreed to provide Ms. Mendoza only part of her tenant file. VHA refused to allow Ms. Mendoza to see other documents, including materials VHA intended to present at the hearing.

1.11. At the hearing, VHA's representative appeared and presented the hearing officer with numerous documents that Ms. Mendoza had not been permitted to see. Ms. Mendoza objected to the presentation of these documents, but the hearing officer allowed VHA to present them anyway. Ms. Mendoza was still not allowed to read or examine these records.

1.12. When it became her turn to speak, Ms. Mendoza told the hearing officer that VHA had refused to let her see evidence that the denial was based on, and asked the hearing officer to exclude from consideration any documents that had been withheld from her. Ms. Mendoza explained how she had been alternating between her mother's subsidized residence and Mr. Ornelas' residence from 2009-2013. She denied having made any statements or signed any documents with the intent to deceive or defraud any person, and denied receiving any improper benefit from Vancouver Housing Authority at any time. She also presented a letter objecting to the consideration of evidence she had not been permitted to see and explaining that she was only about 16 years old when the supposed fraud had occurred.

1.13. After the hearing, the hearing officer issued a written decision upholding the denial of Ms. Mendoza's application. The written decision made clear that the hearing officer had considered and relied upon documents VHA had not allowed Ms. Mendoza to see. In particular, the hearing officer cited "VHA lease documents Ms. Mendoza signed declaring residence with [her] mother when living elsewhere" as a critical piece of evidence on which the ruling was based. Ms. Mendoza was never allowed to see those "VHA lease documents."

1.14. The hearing officer implicitly ruled that Vancouver Housing Authority had properly withheld the VHA lease documents from Ms. Mendoza because the items were part of Iris

COMPLAINT - 3

Rodriguez's file, and Iris Rodriguez had not authorized the release of those materials. However, well-established federal subsidized housing law provides that a housing authority may not admit evidence against a tenant or applicant in an administrative hearing without first enabling the tenant or applicant to see the evidence first. See, e.g., *Escalera v. New York City Housing Authority*, 425 F.2d 853 (2d Cir. 1970) ("If secrecy must be preserved as to some items ... then these items may not be relied on in the decision of the HA.").

1.15. Had Ms. Mendoza been given access to all of the evidence against her (including the VHA lease documents), she could have presented a strong defense. In particular, the hearing officer's description suggests that the VHA lease documents were signed during the time when Ms. Mendoza was actually residing in, or intending to reside in, Iris Rodriguez's subsidized residence—if so, then those records would have been true and accurate at the time they were signed (assuming Ms. Mendoza even signed the documents in the first place). This fact would have been a complete defense to an allegation of fraud.

1.16. But, by withholding the documents from Ms. Mendoza, VHA denied her a full and fair opportunity to prepare her defense and present her response.

1.17. The hearing officer did not state in the decision what specific rule or authority that the denial was based on, other than a "misrepresentation." Had the hearing officer excluded the VHA lease documents from consideration, Ms. Mendoza would have prevailed because there would not have been substantial evidence in the record to establish that Ms. Mendoza made any kind of misrepresentation.

1.18. Furthermore, a misrepresentation is grounds for denial of admission to a housing program funding by Section 8 voucher assistance if it constitutes "fraud, bribery, or any other corrupt or criminal act" in connection with a federal housing program. 24 C.F.R. §

982.552(c)(1)(iv). Had the hearing officer properly excluded the VHA lease documents from consideration, there would have been no evidence of any fraud, bribery, or other corrupt or criminal act. Indeed, on information and belief, the VHA lease documents do not contain any evidence of fraud or deceitful intent by Ms. Mendoza anyway. If so, then the hearing decision was further deficient by reason of being contrary to law.

     1.19. The hearing VHA held to adjudicate Ms. Mendoza's challenge to the denial of admission to federally-assisted housing was therefore deficient and did not comply with federal regulatory requirements or afford due process of law. By this action, Ms. Mendoza seeks an order reversing the denial of admission (or at least setting-aside the hearing decision) and ordering Vancouver Housing Authority to admit her to the housing program. She also seeks any damages to which she may be entitled, all costs of suit, and reasonable attorney fees. This relief is appropriate under 42 U.S.C. §§ 1983 and 1988.

**Part 2: Parties, Jurisdiction, and Venue**

     2.1. Plaintiff Samai Mendoza is a natural person who lives in this District.

     2.2. Defendant Vancouver Housing Authority is a public housing agency that administers certain federally-subsidized housing programs in Vancouver, Wash., which is situated in this District. Vancouver Housing Authority was established pursuant to Washington's Housing Authorities Law, RCW 35.82 et seq., and is a "public body corporate and politic" authorized to exercise certain governmental powers and duties under state law. See RCW 35.82.030 et seq.

     2.3. Defendant Roy Johnson is the Executive Director of VHA and is responsible for implementing and carrying out VHA's programs and policies, including the programs to which Ms. Mendoza applied, and is joined to this action in his official capacity only.

COMPLAINT - 5

2.4. This Court is has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the claim arises under federal laws including the Due Process Clause of the Fourteenth Amendment to the United States Constitution federal statutes including the United States Housing Act (42 U.S.C. § 1437 et seq.) and 42 U.S.C. § 1983, as well as certain regulations of the U.S. Department of Housing and Urban Development, particularly those codified at 24 C.F.R. Parts 960, 982, and 983. The Court also has subject matter jurisdiction under 28 U.S.C. § 1343 because the action concerns federal civil rights.

3.10. Venue is appropriate in this District because the defendant resides in this District and the substantial acts giving rise to the action took place in this District. See 28 U.S.C. § 1391.

**Part 3: Basis for Relief**

3.1. A person who applies for admission to a federally-assisted housing program has a constitutionally-recognized property interest in that application, which a public housing agency may not decline except in accordance with due process of law. See *Ressler v. Pierce*, 692 F.2d 1212, 1216 (9th Cir. 1982); see also U.S.Const., Am. XIV, § 1.

3.2. In the subsidized housing admissions context, due process includes the right not only to a hearing at which an applicant may challenge the denial of admission, but also the right to review, in advance, the evidence on which the denial was based. This is an important procedural safeguard that allows applicants to properly prepare for their hearings and respond effectively to the evidence against them. See *Escalera v. New York City Housing Authority*, 425 F.2d 853 (2d Cir. 1970) ("[D]enying tenants access to the material in their folders, when the entire folder is considered by the [PHA] in its determination of eligibility, deprives the tenants of due process. A hearing at which the tenant can rebut evidence against him would be of little value if the [PHA]'s ultimate decision can rest on items in the tenant's folder of which he has no knowledge

and hence has had no opportunity to challenge.") (internal citations to *Goldberg v. Kelly,* 397 U.S. 254 (1970), omitted).

3.3. Plaintiff Samai Mendoza applied to a federally-assisted housing program with Vancouver Housing Authority and was denied admission. Although she was given a hearing at which to challenge the denial, the hearing did not fulfill the applicable due process requirements because she was not allowed to review the evidence against her in advance of—or even at—the hearing. This due process violation caused her actual prejudice because VHA presented that non-disclosed evidence to the hearing officer, and because the hearing officer relied on the non-disclosed information in upholding the denial.

3.4. VHA's denial of Ms. Mendoza's application to federally-assisted housing therefore occurred without due process of law, contrary to the (14th Amendment) Due Process Clause.

3.5. This constitutional violation was committed by a person acting under color of state law because the Vancouver Housing Authority is an institution that acts under color of state law and because its executive director and all of his subordinates act under color of state law when carrying out their official duties.

3.6. Ms. Mendoza was injured by the denial of admission to the VHA housing program and the injury is ongoing. In particular, Ms. Mendoza would likely pay much less in rent for the federally-assisted dwelling unit than she currently pays for housing. She also sustained other economic and non-economic losses related to the violation of her civil rights.

**Part 4: Relief Requested**

4.1. Based on the foregoing, Ms. Mendoza seeks an order declaring that the hearing Vancouver Housing Authority held for her to contest the denial of admission to federally-assisted housing did not fulfill the applicable due process requirements, and thus that her

COMPLAINT - 7

application was unlawfully denied without due process. She further seeks an order commanding VHA and its Executive Director either to admit her to that housing program, or at least provide her with an opportunity for a proper hearing at which to contest denial. This relief is authorized under 42 U.S.C. § 1983.

4.2. Ms. Mendoza further seeks damages in an amount sufficient to compensate her for all economic and non-economic injuries she has sustained and for all ongoing injuries she continues to sustain. This relief is authorized under 42 U.S.C. § 1983.

4.3. Ms. Mendoza further seeks all costs of suit and recover reasonable attorneys fees, which relief are authorized under 42 U.S.C. §§ 1983, 1988.

4.4. Ms. Mendoza further requests any other relief as the Court may find appropriate in the interests of justice.

Respectfully Submitted this 15 day of May, 2015

NORTHWEST JUSTICE PROJECT

By: Eric Dunn (WSBA #36622)
Attorney for Plaintiff Samai Mendoza